Filed 4/22/15  P. v. Frazier CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C076724 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F6560) |
| v. | |
| ROBERT LYLE FRAZIER, | |
| Defendant and Appellant. | |

In December 2013 the People charged defendant Robert Lyle Frazier with unlawful sexual intercourse (Pen. Code, § 261.5, subd. (c)),[1] dissuading a witness by force or threat (§ 136.1, subd. (c)(1)), and five counts of providing lewd material to a minor (§ 288.2, subd. (a)(1)).  The People also alleged defendant was previously convicted of a strike offense (§ 1170.12) and a serious felony (§ 667, subd. (a)(1)),

---

[1]  Undesignated statutory references are to the Penal Code.

1

previously served a term in prison (§ 667.5, subd. (b)), and committed one of his offenses while out on bond (§ 12022.1).

In April 2014 defendant pleaded no contest to unlawful sexual intercourse and admitted his prior strike conviction. In exchange, the remaining charges and allegations were dismissed; the People agreed defendant would serve a stipulated term of six years in state prison. Defendant was later sentenced in accordance with his plea agreement:

"The Court: In line with the agreement you entered, Mr. Frazier, I'll deny probation. I will impose the agreed upon six years state prison sentence. That number is achieved by imposing on Count One, a three year sentence and double it on your strike conviction."

Defendant appeals, without a certificate of probable cause. On appeal, he contends "remand is necessary for resentencing because it is unclear from the record whether [defendant's] sentence was intended to be the midterm or the aggravated term." Defendant acknowledges he agreed to a stipulated term of six years but notes that both the minutes and the abstract of judgment reflect the six-year term yet indicate the "midterm" was imposed. Defendant's contention is frivolous.

" 'Rendition of judgment is an oral pronouncement.' Entering the judgment in the minutes being a clerical function [citation], a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error. Nor is the abstract of judgment controlling. 'The abstract of judgment is not the judgment of conviction. By its very nature, definition and terms [citation] it cannot add to or modify the judgment which it purports to digest or summarize.' [Citation.]" (*People v. Mesa* (1975) 14 Cal.3d 466, 471; see also *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

In the trial court, defendant acknowledged the aggregate six-year term on the record and the court imposed that same term on the record: three years for unlawful sexual intercourse, doubled for the prior strike. A three-year term for unlawful intercourse is the upper term; two years in the midterm. (§§ 261.5, subd. (c), 1170,

2

subd. (h).)  Accordingly, any indication in the minutes or the abstract of judgment that defendant was sentenced to the midterm for his conviction was nothing more than a clerical error.  Indeed, the record includes an amended abstract of judgment, filed in the trial court on June 20, 2014, that accurately reflects the trial court imposed the upper term, doubled for the prior strike.

## DISPOSITION

The judgment is affirmed.


        RAYE        , P. J.


We concur:


    NICHOLSON    , J.


    BUTZ        , J.